UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| KAYVON REALTY MANAGEMENT, LP § | |
| § | |
| v. § | C.A. NO. |
| § | |
| WESTCHESTER SURPLUS LINES § | |
| INSURANCE COMPANY § | |

## DEFENDANT WESTCHESTER SURPLUS LINES INSURANCE COMPANY'S NOTICE OF REMOVAL

Defendant Westchester Surplus Lines Insurance Company, give notice of removal of this civil action from the 164TH Judicial District Court, Harris County, Texas, to this Court:

1. Westchester Surplus Lines Insurance Company ("Westchester") was served with process on August 30, 2019 through the Texas Secretary of State. This Notice for Removal is therefore timely filed under 28 U.S.C. §1446(b) within 30 days after the receipt by Westchester of the first notice of the Plaintiff's Original Petition (the "Petition").

2. This action is one of a civil nature for damages caused by alleged wrongful acts of Defendant in the investigation and payment of losses in Harris County, Texas under a policy of insurance.

3. Plaintiff Kayvon Realty Management, LP is a Texas limited partnership with its principal place of business in Harris County, Texas. Plaintiff's sole general partner is Kayvon Management LLC which is a Texas LLC whose only member is Kayen Rerar, a citizen of the State of Texas.

4.       Defendant Westchester Surplus Lines Insurance Company is a citizen of a foreign state. It is a company organized under the laws of the State of Georgia with its principal place of business in Pennsylvania.

5.       To determine whether the $75,000 amount in controversy is satisfied, courts first look first to the face of the complaint. *See St. Paul. Reinsurance Co. v. Greenberg*, 134 F. 3d 1250, 1253 (5th Cir. 1998). Here, Plaintiff's Original Petition alleges that Plaintiff has retained a repair estimate from Pro Roof for $74,960 (Petition, at ¶ 7). Plaintiff also alleges that a significant tenant moved from the subject property "which resulted in significant loss of rental income to Plaintiff." (*Id*. at ¶ 8) Plaintiff seeks a declaratory judgment that Defendant is obligated, under the Policy, to pay both the repairs to the subject building and also the loss of rental income which Plaintiff alleges is significant but Plaintiff did not otherwise include a dollar amount. (*Id.* at ¶ 13) Plaintiff also brings causes of action for alleged breach of contract (the insurance policy) and violation of the Texas Insurance Code Prompt Payment of Claims Statute and seeks to recover its actual damages as well as, among other things, attorneys' fees under Section 38.001 of the Texas Civil Practice and Remedies Code and/or Section 542.060 of the Texas Insurance Code. (*Id*. at ¶¶ 9-12, 14-20) Because Plaintiff seeks to recover attorney's fees under a statute, such fees may be included in the calculation of the amount in controversy. *See Louque v. Allstate Ins. Co*., 314 F.3d 776, 779 (5th Cir. 2002). Although Plaintiff does not allege an amount of attorney's fees, such fees together with the unspecified "significant" loss of rental claim and the repair estimate of $74,960 will easily exceed the $75,000 jurisdictional threshold. Accordingly, these amounts and allegations, when taken together, show that the amount in controversy exceeds $75,000.

6. Defendant Westchester removes this case to federal court on the basis of diversity jurisdiction under 28 U.S.C. §1332 because it is between citizens of different states and the amount in controversy exceeds the sum or value of $75,000 excluding interest and costs.

7. Venue is proper in this district under 28 U.S.C. §1441(a) because the state court where the suit has been pending is located in this district.

8. The United States District Court has original jurisdiction under 28 U.S.C. §1332. This action is removable under 28 U.S.C. §1441(a) and (b).

9. Defendant will promptly file a copy of this Notice of Removal with the clerk of the state court where the suit has been pending.

10. Plaintiff did not demand a jury trial.

11. Pursuant to Local Rule 81, Defendant attaches the following along with an Index of Documents:

    a) a copy of Plaintiff's Original Petition;

    b) a copy of the answer filed in state court on behalf of Defendant, Westchester Surplus Lines Insurance Company;

    c) Civil Cover Sheet;

    d) Disclosure Statement under Fed. R. Civ. P. 7.1;

    e) list of the names, addresses, and telephone numbers of all counsel who have appeared in this action and their respective parties; and

    f) a copy of the Docket Sheet.

Defendant, Westchester Surplus Lines Insurance Company, requests that the above-described action now pending in the 164TH Judicial District Court, Harris County, Texas be removed to this Honorable Court.

Respectfully submitted,

CHAFFE MCCALL, L.L.P.

 /s/ Frank A. Piccolo
**FRANK A. PICCOLO**
Texas State Bar No.: 24031227
Federal Bar No.: 30197
801 Travis Street, Suite 1910
Houston, TX 77002
Telephone: (713) 546-9800
Facsimile: (713) 546-9806
Email: frank.piccolo@chaffe.com

**ATTORNEY-IN-CHARGE FOR DEFENDANT**

**OF COUNSEL:**

CAROLINE T. WEBB
Texas State Bar No. 24051497
Federal Bar No. 613260
CHAFFE MCCALL , L.L.P.
801 Travis Street, Suite 1910
Houston, Texas 77002
Telephone: (713) 546-9800
Facsimile: (713) 546-9806
Email: caroline.webb@chaffe.com

## CERTIFICATE OF SERVICE

 I hereby certify that a copy of the foregoing was served on all counsel of record in this proceeding in accordance with the Federal Rules of Civil Procedure on this the 27th day of September 2019.

 /s/ Frank A. Piccolo
Frank A. Piccolo