8/15/2019 8:59 AM
Marilyn Burgess - District Clerk Harris County
Envelope No. 35982059
By: D Burton
Filed: 8/15/2019 8:59 AM

NO. _____

| | | |
|---|---|---|
| KAYVON REALTY MANAGEMENT, LP | * | IN THE DISTRICT COURT OF |
| VS. | * | HARRIS COUNTY, TEXAS |
| WESTCHESTER SURPLUS LINES INSURANCE COMPANY | * | _____ JUDICIAL DISTRICT |

## **PLAINTIFF'S ORIGINAL PETITION**

**TO THE HONORABLE JUDGE OF SAID COURT:**

Comes now, Kayvon Realty Management, LP ("Plaintiff"), and files this its Original Petition against Westchester Surplus Lines Insurance Company ("Defendant"), and for causes of action would show this Court as follows:

### **Parties**

1. Plaintiff is a Texas limited liability company with its principal place of business in Harris County, Texas.

2. Defendant is a Georgia corporation and may be served with process by serving the Texas Secretary of State who may forward for service to Defendant's principal place of business and home office at 436 Walnut Street, Philadelphia, Pennsylvania 19106, because the Secretary of State is the agent for service on Defendant, Defendant engaged in business in Texas, Defendant does not maintain a regular place of business in Texas, Defendant has not designated or maintained a registered agent for service of process in Texas and this lawsuit arises from Defendant's business in Texas.

### **Jurisdiction and Venue**

3. Venue is proper in Harris County, Texas as the real property that is the subject of this case is in Harris County, Texas.

## Factual Background

4. Defendant insured a commercial building (the "Building") owned by Plaintiff at 5206 Airline Drive, Houston, Texas 77022 (the "Building") pursuant to Defendant's policy number D4232503A.

5. In late August of 2017, Hurricane Harvey visited Harris County, Texas and caused vast amounts of damage to thousands of homes and commercial properties in Houston.

6. Plaintiff did not immediately report the damage as Plaintiff believed the damage was going to be relatively minor especially given the substantial damage incurred by hundreds of thousands of others. Moreover, it was well known there was substantial waiting time before any roofing contractor could perform work.

7. As time progressed, it became apparent the damage was much worse than originally anticipated. A repair estimate was obtained from Pro Roof for $74,960.00. Repairs were made by persons hired by Plaintiff and were performed so as to not disrupt the business of tenants and to try to avoid tenants vacating.

8. One very significant tenant moved due to the roof leaks which resulted in significant loss of rental income to Plaintiff.

## Breach of Contract

9. Defendant had a contract of insurance with Plaintiff. Plaintiff met or performed all conditions precedent under the contract. Defendant breached the terms of that contract by wrongfully denying the claim. Plaintiff was damaged thereby.

10. Defendant is therefore liable to Plaintiff for breach of contract.

2

**Prompt Payment of Claims Statute**

11.     Plaintiff's claim is a claim under an insurance policy with Defendant, of which Plaintiff gave Defendant proper notice. Defendant is liable for the claim plus interest at the statutory rate of 18% per annum.

12.     Defendant violated the prompt payment claims provisions of Section 542 of the Texas Insurance Code by failing to pay the claim.

**Declaratory Judgment**

13.     Plaintiff requests that this Court sign a judgment declaring that Defendant has the obligation under its insurance policy to pay the amounts paid for repair to the Building and loss of rental income plus attorney's fees, interest and expenses for this case.

**Attorney's Fees**

14.     Plaintiff engaged the undersigned attorney to prosecute this lawsuit against Defendant.

15.     Plaintiff is entitled to recover reasonable and necessary attorney's fees pursuant to Section 38.001 et seq of the Texas Civil Practice and Remedies Code because Plaintiff is represented by an attorney, presented the claim to Defendant, and Defendant did not tender the just amount owed before the expiration of the 30th day after the claim was presented.

16.     Plaintiff is additionally or alternatively entitled to recover reasonable and necessary attorney's fees pursuant to Section 542.060 of the Texas Insurance Code.

**Damages**

17.     Plaintiff would show that all of the aforementioned acts, taken together or singularly, constitute the producing causes of the damages sustained by Plaintiff.

18.     As previously mentioned the damages were caused by the failure to pay the claim when properly notified. These damages are a direct result of Defendant's mishandling of Plaintiff's claim in violation of the laws as set forth above.

19.     For breach of contract, Plaintiff is entitled to obtain the benefit of the bargain, which is the amount of the claim, together with attorney's fees.

20.     For non-compliance with the Texas Insurance Code, Prompt Payment of Claims, Plaintiff is entitled to the amount of the claim, as well as eighteen (18) percent interest per annum on the amount of such claim as damages, together with attorney's fees.

### Prayer

Wherefore, Plaintiff request that upon trial hereof, that Plaintiff recover the repair costs, loss of rents, a judicial declaration as set forth in Section 13 above, interest at 18% per annum plus attorney's fees for the trial and any appeal of this case, for all court costs on Plaintiff's behalf expended, for prejudgment interest at the maximum legal rate for all amounts awarded until paid, for postjudgment interest at the maximum legal rate for all amounts awarded until paid and all other relief to which Plaintiff may be entitled.

Respectfully submitted,

WTGreen, PLLC
By: /s/ William T. Green, III
   William T. Green, III
P.O. Box 980092
Houston, Texas  77098
(713) 626-9296/ State Bar No.: 08375500
email: uncbill@msn.com
Attorney in Charge for Plaintiff