Case 4:19-cv-03701 Document 1-3 Filed on 09/27/19 in TXSD Page 1 of 6

9/20/2019 3:19 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 36999577
By: Tiffany Jefferson
Filed: 9/20/2019 3:19 PM

CAUSE NO. 2019-56368

| | | |
|---|---|---|
| KAYVON REALTY MANAGEMENT, LP § | | IN THE DISTRICT COURT OF |
| *Plaintiff,* § | | |
| § | | |
| v. § | | HARRIS COUNTY, TEXAS |
| § | | |
| WESTCHESTER SURPLUS LINES § | | |
| INSURANCE COMPANY § | | |
| *Defendant.* § | | 164th JUDICIAL DISTRICT |

**DEFENDANT WESTCHESTER SURPLUS LINES INSURANCE COMPANY'S
ANSWER TO PLAINTIFF'S ORIGINAL PETITION**

Defendant Westchester Surplus Lines Insurance Company ("Defendant") files this Answer to Plaintiff's Original Petition and respectfully shows the court as follows:

**I.  General Denial**

Without denying the existence and contents of the insurance policy in question, and while fully insisting upon each and every term, provision, condition, exclusion, and all paragraphs thereof, and to the extent consistent therewith, Defendant files this general denial in accordance with Rule 92 of the TEXAS RULES OF CIVIL PROCEDURE and denies generally each and every, all and singular, the allegations contained in Plaintiff's Original Petition and demands strict proof thereof by a preponderance of the evidence in accordance with the laws of the State of Texas.

**II.  Conditions Precedent Unsatisfied**

Defendant specifically denies that conditions precedent to recovery have been met. As a result, this suit is premature and its filing may unnecessarily inflate the attorney's fees and expenses in connection with this suit.

**III.  Preservation of Rights**

Defendant preserves all of its rights under each policy at issue, specifically including the right to appraisal.

1

## IV.     Policy Defenses

Defendant affirmatively asserts, for each policy made the basis of this lawsuit, the policy's terms, conditions, endorsements and exclusions as set forth in each policy, as those respective terms, conditions, endorsements and exclusions may bar, in whole or in part, Plaintiff's claims.

## V.     Offset, Credit, and Limitation of Liability

Pleading further for a separate and complete defense and in the alternative, pursuant to Rule 94 of the TEXAS RULES OF CIVIL PROCEDURE, Defendant asserts the setoff, credit, limit of liability, and other insurance limitation provisions contained the TEXAS INSURANCE CODE and in each policy made the basis of this claim.  Defendant is entitled to an offset or credit against Plaintiff's damages, if any, for monies previously paid under each policy at issue.  Further, Defendant's liability, if any, is limited to the amount of the policy limits under each subject policy, pursuant to the "Loss Settlement" and other clauses regarding the limit of liability and payment for covered losses contained in each policy upon which Plaintiff brings this suit.

## VI.     Failure to Mitigate

Pleading further for a separate and complete defense and in the alternative, Defendant avers that Plaintiff has failed to fully and properly mitigate its damages in accordance with law and with Plaintiff's duties under the policy.

## VII.     Pre-Existing Damages

Pleading further for a separate and complete defense and in the alternative, Plaintiff's alleged damages pre-existed the incident complained of and/or were caused by a subsequent incident, all of which precludes any liability as to Defendant.

## VIII.     Failure to Make Temporary Repairs

Pleading further for a separate and complete defense and in the alternative, Plaintiff's claim is barred in whole or in part because the sole proximate cause of some of the damages Plaintiff

claims are Plaintiff's own inaction and negligence in failing to make temporary repairs or otherwise protecting the property after the initial loss.

## IX. No Breach of Contract

Pleading further for a separate and complete defense and in the alternative, Plaintiff's causes of action are barred, either in whole or in part, because it has failed to state a claim upon which relief can be granted. Specifically, Plaintiff failed to describe any particular facts or circumstances supporting the alleged breach of the insurance contract(s) by Defendant.

## X. Extra-Contractual Claims Barred

Pleading further for a separate and complete defense and in the alternative, Plaintiff's causes of action are further barred, either in whole or in part, because it has failed to state a claim upon which relief can be granted, with regard to Plaintiff's extra contractual claims. Specifically, Plaintiff failed to describe particular facts or circumstances that transform alleged contractual claims into a cause of action for alleged violations of the TEXAS INSURANCE CODE. Plaintiff failed to allege any specific conduct on the part of Defendant which would subject Defendant to liability under Chapters 542 or 542A of the TEXAS INSURANCE CODE. Defendant specifically states it did not, knowingly or otherwise, make any false, fraudulent or negligent misrepresentations to Plaintiff.

## XI. Bona Fide and Legitimate Disputes Exist

Pleading further for a separate and complete defense and in the alternative, bona fide and legitimate disputes exist precluding Plaintiff's recovery of damages under extra-contractual theories of liability pursuant to any statutory or common law authority.

## XII. Acts or Omissions of Third Parties

Pleading further for a separate and complete defense and in the alternative, Plaintiff's damages, if any, were proximately caused by the acts or omissions of third parties over whom Defendant had no control or right to control and for whom Defendant had no responsibility.

## XIII. Superseding /Intervening Cause

Pleading further for a separate and complete defense and in the alternative, the incident and resulting damages incurred by Plaintiff, if any, which Defendant specifically denies, were the result of a superseding and/or intervening cause or causes thereby precluding Plaintiff from recovering any damages against Defendant.

## XIV. Limitation of Punitive Damages

Pleading further for a separate and complete defense and in the alternative, punitive damages awarded, if any, pursuant to TEXAS CIVIL PRACTICE AND REMEDIES CODE §41.001, et. seq., are subject to the statutory limit set forth therein, other applicable statutory authority, and common law. Furthermore, any award of punitive damages would violate Defendant's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and by Section 19 of Article 1 of the Texas Constitution unless Plaintiff proves Defendant's liability for punitive damages, and the amount of punitive damages, if any, by clear and convincing evidence. Defendant respectfully shows regarding any allegations of malice and exemplary or punitive damages as follows:

(a) Defendant avers the proper clear and convincing burden of proof as to alleged punitive damages, and for the appropriate definition of gross negligence to be submitted to the trier of fact, and relies on other statutory limitations afforded to them;

(b) Plaintiff's claims for malice and exemplary or punitive damages is arbitrary, unreasonable, excessive, and in violation of Defendant's rights to due process of law and equal protection under the Fifth and Fourteenth Amendments to the United States Constitution and under Article 1, Sections 13, 15, and 19 of the Texas Constitution;

(c) Plaintiff's claims for malice and punitive or exemplary damages should be proved beyond a reasonable doubt;

(d) That exemplary or punitive damages cannot be awarded against Defendant because, in part, Defendant will be placed twice in jeopardy for the same conduct in violation of the United States and Texas Constitutions;

(e) Plaintiff's claims for malice and exemplary or punitive damages violates the separation of powers doctrine, since the Court and/or jury would usurp the exclusive power of the Legislature to define crimes and establish punishment;

(f) Plaintiff's claims for malice and punitive or exemplary damages against Defendant should be determined only by Defendant's actual subjective conscious indifference, the existence of which is denied, and not by any objective conscious indifference;

(g) Plaintiff's claims for malice and exemplary or punitive damages must be assessed by the unanimous verdict of all jurors;

(h) Plaintiff's claims for malice and exemplary damages is not based upon a clearly defined statutory enactment setting forth a specific *mens rea* and scope and limit of such awards, and therefore, the standard is unduly vague and does not meet the requirements of due process;

Defendant is subjected to all the hazards and risks of what amounts to a fine with respect to the Plaintiff's claims for malice and exemplary or punitive damages, but Defendant received none of the basic rights accorded to a criminal defendant when being subjected to possible criminal penalties.

XV.

Defendant hereby reserves all rights to plead further herein.

**REQUEST FOR DISCLOSURE**

Pursuant to Texas Rules of Civil Procedure 194, Defendant requests that Plaintiff disclose, within 30 days of the service of this request, the information or material described in Rule I 94.2(a)-(1).

**PRAYER**

**WHEREFORE, PREMISES CONSIDERED,** Defendant Westchester Surplus Lines Insurance Company respectfully requests judgment of the court as follows:

1. That the court render a take-nothing judgment against the Plaintiff;

5

2. That Defendant recover all costs together with such other specific and general relief, both at law and in equity, to which Defendant may be justly entitled.

Respectfully submitted,

CHAFFE MCCALL LLP

By: */s/ Frank A. Piccolo*
Frank A. Piccolo
Texas Bar No.: 24031227
Email: frank.piccolo@chaffe.com
Caroline T. Webb
Texas Bar No.: 24051497
Email: caroline.webb@chaffe.com
801 Travis, Suite 1910
Houston, Texas 77002
Telephone: (713) 546-9800
Facsimile: (713) 546-9806

COUNSEL FOR DEFENDANT

CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument was served in accordance with the TEXAS RULES OF CIVIL PROCEDURE on this the 20th day of September 2019, to all known counsel of record as follows:

William T. Green, III
WTGreen, PLLC
P.O. Box 980092
Houston, Texas 77098
Email: uncbill@msn.com

*/s/ Frank A. Piccolo*
Frank A. Piccolo